UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

        v.                                    Crim. No. 5:13-cr-37

Tyquawn Lane

## REPORT AND RECOMMENDATION
(Doc. 29)

Tyquawn Lane, proceeding *pro se*, has moved to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. 29.) Lane seeks to vacate the sentence imposed upon him by Chief United States District Judge Christina Reiss following Lane's plea of guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Lane was sentenced on December 18, 2013 by Chief Judge Reiss to 40 months in prison. (Doc. 28.) He was represented throughout the proceedings by the Office of the Federal Public Defender. Lane now makes a general allegation that he received ineffective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution. Lane's Motion fails to allege any specific facts to warrant relief. Two orders have been issued directing Lane to supplement his Motion, however Lane has failed cure the deficiency. For the following reasons, I recommend that Lane's Motion be DISMISSED without prejudice.

## Procedural Background

Lane filed his § 2255 Motion on July 25, 2014, raising a generalized claim of "ineffective assistance of counsel during sentencing". (Doc. 29 at 1.) The Motion is devoid of any specific claim or facts regarding the purportedly deficient representation he received. In his § 2255 Motion, Lane requested copies of the transcripts of his sentencing hearing. Lane also requested an enlargement of time in which to file a supporting memorandum, stating that he needed the additional time to review the transcript of his sentencing. (*Id.* at 2.) Both requests were granted. The court ordered the Clerk of Court to mail the transcripts of the change of plea and sentencing hearings to Lane. (Doc. 30.) The court also granted Lane's request for enlargement time, directing that Lane file a supplemental memorandum within 45 days of his receipt of the transcripts. The transcripts were prepared and filed on August 22, 2014. (Doc. 31, 32.) The Office of the Clerk of Court thereupon mailed these transcripts to Mr. Lane on September 3, 2014, making his supplemental memorandum due to be filed on or before October 20, 2014. No supplemental memorandum was filed.

On November 6, 2014, the court issued an order directing Lane to show cause on or before December 1, 2014 why his Motion should not be dismissed for his failure to file a memorandum. Lane was advised that if he failed to file a supplemental memorandum, his § 2255 Motion may be dismissed. (Doc. 33.) Lane did not respond to the court's Order to Show Cause.

On December 12, 2014, the court issued a second order directing Lane to show cause for his failure to file a supplemental memorandum and to show cause why this

matter should not be dismissed.  This order, as well as the transcripts and the order of November 6, were mailed to Lane at the Federal Bureau of Prison's (BOP) Allenwood, Pennsylvania facility.  Lane was given until January 20, 2015 to respond to this second order.  Lane was again warned that failure to comply with the order could result in the dismissal of his § 2255 Motion and might impact his ability to seek habeas relief at a later date as set forth at 28 U.S.C. § 2255(f).  (Doc. 34.)  To date, no response has been received from Lane.  He has since filed a Motion to Reduce his Sentence based on a recent amendment to the United States Sentencing Guidelines Manual which reduced base offense levels in the drug quantity tables by two levels.  (Doc. 35.)  Lane's most recent Motion makes no reference to his ineffective-assistance-of-counsel claim but does reflect his continued placement at the BOP's Allenwood facility.

## Analysis

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence.  Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

It is not enough for a petitioner to make skeletal, vague, or conclusory allegations in a § 2255 motion.  Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that a motion under § 2255 must set forth "the facts supporting each ground" for relief.  *See also, LoCascio v. United States*, 395 F.3d

51, 57 (2d Cir.2005) ("'[T]he petitioner must set forth specific facts which he is in a position to establish by competent evidence.'") (quoting *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974)).

Here, Lane has not set forth any factual allegation to support his claim despite being furnished with the transcripts of the proceedings as he requested. On two occasions, the court has warned Lane that his continued failure to set forth facts to warrant relief could result in dismissal of his Motion. The court would place itself in the untenable position of engaging in pure speculation if it were to consider Lane's bare bones ineffective-assistance-of-counsel assertion.[1]

Accordingly, the Motion should be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 27th day of January, 2015.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

---

[1] This is particularly so as Chief Judge Reiss granted counsel's motion for a downward departure from the applicable Sentencing Guideline range at time of sentencing. (Doc. 32 at 21.)

4