```
                                                          U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                FILED
            UNITED STATES DISTRICT COURT
                        FOR THE                           2015 FEB 27 PM 2:36
                  DISTRICT OF VERMONT
                                                                CLERK
                                                          BY_____
                                                              DEPUTY CLERK
```

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 5:13-cr-37 |
| | ) | |
| TYQUAWN LANE | ) | |

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 29 & 37)

  This matter came before the court for a review of the Magistrate Judge's January 27, 2015 Report and Recommendation ("R & R"). Defendant Tyquawn Lane has filed a motion pursuant to 28 U.S.C. § 2255 that seeks to vacate, set aside, or correct a judgment and sentence imposed by this court on the grounds that the 40 month sentence he received was based upon ineffective assistance of counsel. (Doc. 17.) Neither party has filed an objection to the R & R, and the time to do so has expired.

  A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

  In his R & R, the Magistrate Judge explained that Defendant's initial claim of ineffective assistance of counsel was so vague that it could not be properly analyzed. Thereafter, the Magistrate Judge provided Defendant with multiple opportunities to supplement his claim coupled with a warning that failure to do so would result in

dismissal. Defendant has not supplemented his claim and this court has no means of determining whether it has any merit. At this juncture, it appears Defendant has abandoned his claim of ineffective assistance of counsel and does not seek to pursue it further.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 37), and, accordingly, the court DENIES the Defendant's motion to vacate, and DISMISSES WITHOUT PREJUDICE Defendant's § 2255 motion (Doc. 29). SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of February, 2015

Christina Reiss, Chief Judge
United States District Court